IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 10 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02765-BNB

MICHAEL J. O'DRISCOLL,

    Applicant,

v.

BLAKE R. DAVIS, Warden, ADX,

    Respondent,

ORDER

    Applicant, Michael J. O'Driscoll, is in the custody of the United States Bureau of Prisons (BOP). He is incarcerated currently at the ADX in Florence, Colorado. Mr. O'Driscoll initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    On November 17, 2010, Magistrate Judge Boyd N. Boland ordered Mr. O'Driscoll to cure a deficiency in this action. Specifically, Applicant was directed, within thirty (30) days, to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, along with a certificate showing the current balance in his prison account, or pay the $5.00 filing fee. Mr. O'Driscoll paid the $5.00 filing fee required in a habeas corpus action on December 7, 2010.

    The Court will construe the application liberally because Mr. O'Driscoll is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the application and has determined that Mr. O'Driscoll's claim arises under the federal civil rights laws and is not cognizable under 28 U.S.C. § 2241. Accordingly, Mr. O'Driscoll will be required to file a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), if he wants to maintain this action.

Mr. O'Driscoll alleges in the application that he was transferred to the ADX in July 2006 when USP-Marion was closed. He asserts that he did not receive due process in conjunction with his transfer, and therefore his detention at the ADX is illegal. Application at 2. Mr. O'Driscoll requests that he be transferred immediately "to any open USP or camp, to general population." *Id.* at 5.

"A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." ***McIntosh v. United States Parole Comm'n***, 115 F.3d 809, 811-12 (10th Cir. 1997) (internal quotation omitted). By contrast, a civil rights action attacks the conditions of the prisoner's confinement. *Id.* Claims challenging the conditions of a federal inmate's confinement are not cognizable in a habeas corpus proceeding. *See* ***Rael v. Williams***, 223 F.3d 1153, 1154 (10th Cir. 2000). An inmate's challenge to his transfer from one prison facility to another within the same jurisdictional entity is not cognizable under 28 U.S.C. § 2241. *See* ***Antonelli v. Keffer***, 243 F. App'x 384, 386

(10th Cir. 2007) (citing *McIntosh*);[1] *accord Abdulhaseeb v. Ward*, 173 F. App'x 658, 660-661 and n.3 (10th Cir. 2006) (petitioner's challenge to his placement and confinement in a restricted housing unit pending investigation of a disciplinary charge related to the conditions of his confinement, rather than the fact or length of his confinement, and was improper under 28 U.S.C. § 2241).

Mr. O'Driscoll requests a transfer to a different BOP prison where he can be housed in a general population unit. He does not seek expedited release. Accordingly, his remedy does not lie in habeas corpus. *See McIntosh*, 115 F.3d at 811-12 (citing *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir.1995) (if prisoner seeks a "quantum change" in his level of custody, such as freedom, his remedy is habeas corpus; if he seeks a different program, location or environment, his challenge is to conditions rather than fact of confinement and remedy is under civil rights law) (further citations and quotations omitted)). Mr. O'Driscoll will therefore be directed to assert his claim pursuant to 28 U.S.C. § 1331 and *Bivens* on the court-approved form.

Mr. O'Driscoll must also pay the $350.00 filing fee required for non-habeas civil actions, *see* 28 U.S.C. § 1914(a). If he cannot make the full payment initially, he may

---

[1] The Court notes that in *Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000), the Tenth Circuit determined that a prisoner's challenge to the constitutionality of his transfer from a state prison in Wyoming to a private prison in Colorado was cognizable in a habeas petition under 28 U.S.C. § 2241. However, unlike the prisoner in *Montez* who disputed the state's authority to transfer him to a private facility in another state to serve his sentence, Mr. O'Driscoll is a federal prisoner who disagrees with the BOP's choice of prisons. Absent further direction from the Tenth Circuit, this Court declines to extend the *Montez* decision beyond its specific facts.

seek leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. The $5.00 that Mr. O'Driscoll has already paid will be credited toward the $350.00 filing fee. Accordingly, it is

ORDERED that Mr. O'Driscoll shall file a Prisoner Complaint, **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that Mr. O'Driscoll shall satisfy the $350.00 filing fee requirement by: (1) submitting a Prisoner's Motion for Leave to Proceed under 28 U.S.C. § 1915, along with a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding his filing; or, (2) paying the remainder of the filing fee ($345), **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that the clerk of the court mail to Mr. O'Driscoll, together with a copy of this order, two copies of the following forms: Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to § 1915. It is

FURTHER ORDERED that, if Mr. O'Driscoll fails to file a Prisoner Complaint or to satisfy the $350.00 filing fee requirement **within thirty (30) days from the date of this order**, the application and this action will be dismissed without further notice. The dismissal will be without prejudice.

DATED December 10, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02765-BNB

Michael J. O'Driscoll
Reg No. 04221-016
US Penitentiary Florence
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms** to the above-named individuals on December 10, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk