IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02765-BNB

MICHAEL J. O'DRISCOLL,

    Applicant,

v.

BLAKE R. DAVIS, Warden, ADX,

    Respondent,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2011

GREGORY C. LANGHAM
               CLERK

ORDER DENYING MOTION FOR RECONSIDERATION
AND GRANTING REQUEST FOR EXTENSION OF TIME

    Applicant, Michael J. O'Driscoll, is in the custody of the United States Bureau of Prisons (BOP). He is incarcerated currently at the ADX in Florence, Colorado. Mr. O'Driscoll initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. O'Driscoll alleges in the application that he was transferred to the ADX in July 2006 when USP-Marion was closed. He asserts that he did not receive due process in conjunction with his transfer, and therefore, his detention at the ADX is illegal. Application at 2. Mr. O'Driscoll requests that he be transferred immediately "to any open USP or camp, to general population." *Id.* at 5.

    The Court has reviewed the application and determined that Mr. O'Driscoll's claim arises under the federal civil rights laws and is not cognizable under 28 U.S.C. § 2241. Accordingly, in a December 10, 2010 Order, the Court directed Mr. O'Driscoll to file a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown***

***Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).  The Court further instructed Mr. O'Driscoll that he is required to pay the $350.00 filing fee required for non-habeas civil actions.  **See** 28 U.S.C. § 1914(a).  If he cannot make the full payment initially, he may seek leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  The $5.00 that Mr. O'Driscoll has already paid will be credited toward the $350.00 filing fee.

Mr. O'Driscoll now asks the court to "reconsider" the December 10 Order.  He argues that 28 U.S.C. § 2241 is the proper vehicle for his claim because he is serving a life sentence without parole and he seeks expedited release or an expedited transfer to another prison.  However, a motion for reconsideration is not the appropriate method for Mr. O'Driscoll to challenge the December 10 Order because judgment has not been entered in this case.  **See Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991) (discussing motions for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).  Instead, the Court will construe his *pro se* motion liberally as a request to submit an amended § 2241 application, instead of a civil rights complaint.   For the reasons discussed below, the motion will be denied.

Mr. O'Driscoll relies on **Montez v. McKinna**, 208 F.3d 862, 864-65 (10th Cir. 2000) in arguing that his claim arises under § 2241 as a challenge to the execution of his sentence.  However, as noted in the December 10 Order, **Montez** is limited to its specific facts--a state prisoner's claim challenging the state's authority to transfer him to a private facility in another state to serve his sentence is cognizable in an application for

2

habeas corpus relief under 28 U.S.C. § 2241. Mr. O'Driscoll, however, is a federal prisoner who has been transferred from one BOP facility to another. An inmate's challenge to his transfer from one prison facility to another within the same jurisdictional entity is not cognizable under 28 U.S.C. § 2241. *See Antonelli v. Keffer,* 243 F. App'x 384, 386 (10th Cir. 2007) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)); *see also Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir.1995) (if prisoner seeks a "quantum change" in his level of custody, such as freedom, his remedy is habeas corpus; if he seeks a different program, location or environment, his challenge is to conditions rather than fact of confinement and remedy is under civil rights law) (further citations and quotations omitted)).

Mr. O'Driscoll does not have a remedy in habeas corpus merely because he now makes an additional conclusory assertion that he seeks expedited release in addition to a transfer. He is not challenging the fact or length of his sentence--he just doesn't want to serve his time at the ADX. Accordingly, it is

ORDERED that the Motion for Reconsideration [Doc. No. 8], which the court construes liberally as a motion to file an amended § 2241 application, is DENIED. It is

FURTHER ORDERED that Mr. O'Driscoll's request for extension of time [Doc. No. 7] is GRANTED. Mr. O'Driscoll shall assert his claim pursuant to 28 U.S.C. § 1331 and *Bivens* on the court-approved form (Prisoner Complaint) in accordance with the December 10 Order on or before **February 10, 2011**. It is

FURTHER ORDERED that Mr. O'Driscoll shall satisfy the $350.00 filing fee requirement by: (1) submitting a Prisoner's Motion for Leave to Proceed under 28 U.S.C. § 1915, along with a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding his filing; or, (2) paying the remainder of the filing fee ($345), **on or before February 10, 2011**. It is

FURTHER ORDERED that, if Mr. O'Driscoll fails to file a Prisoner Complaint or to satisfy the $350.00 filing fee requirement (by one of the methods discussed above) **on or before February 10, 2011**, the application and this action will be dismissed without further notice. The dismissal will be without prejudice.

DATED January 10, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02765-BNB

Michael J. O'Driscoll
Reg No. 04221-016
US Penitentiary Florence
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 10, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _[signature]_____
                                        Deputy Clerk